# IN THE COURT OF APPEALS OF IOWA

No. 19-2152
Filed July 21, 2021

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**JUSTIN PATTISON,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Fayette County, Richard D. Stochl (plea) and John J. Bauercamper (sentence), Judges.

 Justin Pattison appeals following his guilty pleas to possession of marijuana, third offense, as a habitual offender; operating while intoxicated, second offense; driving while barred; and two counts of child endangerment. **REVERSED AND REMANDED.**

 John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

 Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

 Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Judge.**

Justin Pattison pled guilty to possession of marijuana, third or subsequent offense, as a habitual offender, a class "D" felony. *See* Iowa Code § 124.401(5) (2019). He later entered written guilty pleas to several other offenses.[1] Pattison appealed following imposition of sentence.

On appeal, Pattison contends "the district court failed to substantially comply with the Iowa Rules of Criminal Procedure 2.8(2)(b) and (d) regarding [his] guilty plea to the" possession charge, "rendering [his] guilty plea as unknowing, involuntary and without a factual basis." The State preliminarily responds that "Pattison has not established good cause to appeal his guilty plea." We will begin with the State's response.

Effective July 1, 2019, a defendant has a right to appeal from a final judgment of sentence, except under several specified circumstances, including "[a] conviction where the defendant has pled guilty." *Id.* § 814.6(1)(a)(3). The provision "does not apply to . . . a case where the defendant establishes good cause." *Id.* Pattison's pleas and sentencing took place after the effective date of the statute. *See State v. Boldon*, 954 N.W.2d 62, 68 (Iowa 2021) (stating the new statute applies to cases where the judgment was entered on or after July 1, 2019).

---

[1] The written plea was filed two months after the guilty plea proceeding involving the possession charge. However, an "order following guilty plea" filed on the day of the plea proceeding involving the possession charge indicated Pattison entered a plea to the other crimes as well. The transcript of the plea proceeding reflects an intent to enter pleas to those offenses, but no formal entry of pleas to the other crimes on that date.

Iowa Rule of Criminal Procedure 2.8(2)(d) requires a court to "inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment." Rule 2.24(3)(a) states, "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." The State concedes the district court "fail[ed] to inform Pattison, pursuant to Iowa Rule of Criminal Procedure 2.8(2)(d), of the need for and requirements of filing a timely motion in arrest of judgment."

The State's argument in support of circumventing this omission is as follows: "By mostly foreclosing a defendant's right to appeal from a guilty plea, the legislature rendered moot the portion of Iowa Rule of Criminal Procedure 2.24(3)(a) providing a 'defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal,'" and "[t]herefore, the district court's failure to inform Pattison of the requirements for filing a motion in arrest of judgment was inconsequential." We believe *State v. Treptow*, 954 N.W.2d 62, 69 (Iowa 2021), decided after the State's briefing, forecloses that argument. There, the court stated, "[W]e have recognized a defendant may challenge his guilty plea on appeal despite not filing a motion in arrest of judgment where the district court failed to adequately advise the defendant of the consequences of not filing a motion in arrest of judgment." *Treptow*, 954 N.W.2d at 69. Pattison was not apprised of his right to file a motion in arrest of judgment or the consequences of

failing to file such a motion.[2]   Accordingly, he had good cause to appeal.  We proceed to the merits.

Rule 2.8(2)(b)(2) requires a district court to inform a defendant of "[t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered."  *See Doss v. State*, ___ N.W.2d ___, ___, 2021 WL 2618144, at *4 (Iowa 2021).  Surcharges are punitive in nature and must be disclosed under rule 2.8(2)(b)(2).  *State v. Fisher*, 877 N.W.2d 676, 686 (Iowa 2016); *see also State v. Weitzel*, 905 N.W.2d 397, 407 (Iowa 2017) ("Surcharges are a form of punishment."); *State v. Draper*, No. 16-0336, 2017 WL 2181217, at *3 (Iowa Ct. App. May 17, 2017) ("A defendant pleading guilty has a right to be informed of surcharges levied on fines.").

The district court informed Pattison, "Because it's a drug offense, *it would also carry with it law enforcement initiative surcharge*, $10.00 DARE fee."[3] (Emphasis added.)  The general reference to the surcharge without a specification of the $125 amount failed to comport with rule 2.8(2)(b)(2).  *See  Weitzel*, 905 N.W.2d at 408 ("The purpose of informing a defendant and determining whether he or she understands the penal consequences to pleading guilty is to ensure he or she makes the plea voluntarily and intelligently.  Since the maximum possible

---

[2] The district court's "order following guilty plea" stated, "The Defendant was informed of the right to challenge the entry of the plea of guilty by filing a Motion in Arrest of Judgment."  The transcript of the plea proceeding involving the possession count does not reflect this advice.
[3] Iowa Code section 911.3 required the imposition of "a law enforcement initiative surcharge of one hundred twenty-five dollars if an adjudication of guilt or a deferred judgment [was] entered for a criminal violation under . . . Chapter 124."  That provision was repealed by 2020 Acts chapter 1074, section 22, effective July 15, 2020.

punishment includes the surcharges, we do not see how the State can work its way around what rule 2.8(2)(b)(2) clearly requires." (citations omitted)). "[T]he proper remedy for the district court's violation of rule 2.8(2)(b)(2) is mandatory, automatic reversal." *Id.*

Pattison also contends rule 2.8(2)(b)(3) was violated. That rule requires advice "[t]hat a criminal conviction, deferred judgment, or deferred sentence may affect a defendant's status under federal immigration laws." The State concedes this advice was omitted.

Finally, Pattison asserts the court failed to conduct a thorough colloquy in finding he was an habitual offender. *See State v. Harrington*, 893 N.W.2d 36, 45 (Iowa 2017) ("Generally, the voluntary-and-intelligent standard for admitting to prior convictions in a habitual offender proceeding should follow the same protocol [as a guilty-plea proceeding]."). We agree.

"On direct appeal, the remedy for a valid challenge to a guilty plea is to vacate the plea, reverse the judgment of conviction, and allow the defendant to plead anew." *Weitzel*, 905 N.W.2d at 408. Pattison is entitled to this relief on his possession conviction.

**REVERSED AND REMANDED.**